IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41560
(Summary Calendar)
_____

MELVIS ANN WINNETT,

Plaintiff-Appellant,

versus

TX. DEPT. HUMAN RESOURCES, ET AL,

Defendants

TX. DEPT. HUMAN RESOURCES,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(4:96-CV-242)
--------------------
June 26, 2000

Before POLITZ, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Melvis Ann Winnett, proceeding pro se here
as she did in the district court, appeals from the grant of the
motion of Defendant-Appellee Texas Department of Human Services
("TDHS") for summary judgment dismissing Winnett's claims under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Age Discrimination in Employment Act (ADEA).[1]  Winnett filed her appellate brief on December 27, 1999, and TDHS finally filed its appellate brief on January 24, 2000.  Between those dates, the Supreme Court of the United States handed down its decision in Kimel et al v. Florida Board of Regents et al,  120 S. Ct. 631 (2000), declaring the several states immune under the Eleventh Amendment of the United States Constitution from being sued in federal court for alleged violations of the ADEA.  As such, neither we nor the district court has jurisdiction to entertain Winnett's ADEA claims against the TDHS, which are tantamount to claims against the State of Texas.  We are therefore constrained to dismiss Winnett's claims for lack of federal jurisdiction without addressing the merits of her appeal.

APPEAL DISMISSED for lack of jurisdiction.

---

[1]  Winnett initially advanced claims under the American with Disabilities Act (ADA) and state claims grounded in intentional infliction of emotional distress.  Those claims were dismissed by the district court at earlier phases of the proceedings and are either not appealed by Winnett or have been forfeited on appeal by her failure to address them in her appellate brief, which addresses only her discrimination and retaliation claims against TDHS under the ADEA.